United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50707
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOROTEO VILLEGAS-ZAPATA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1910-ALL-PM
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Appellant Doroteo Villegas-Zapata (Villegas) was convicted by a jury of possessing marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). His principal contention is that the district court erred by denying his FED. R. CRIM. P. 29 motions for judgment of acquittal, because the evidence of his guilt was insufficient. We AFFIRM.

    "The standard of review for sufficiency of evidence is whether any reasonable trier of fact could have found that the evidence

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established guilt beyond a reasonable doubt." United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). "In evaluating the sufficiency of the evidence, we consider the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in support of the verdict." United States v. Ivy, 973 F.2d 1184, 1188 (5th Cir. 1992). Furthermore, "the evidence need not exclude every reasonable hypothesis of innocence." United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Villegas contends that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the marijuana. He argues that at most, the evidence was in equipoise because it was just as likely that he was merely an alien who had entered the United States illegally to work. If the evidence construed in favor of the verdict showed this, Villegas would be entitled to reversal. See Jaramillo, 42 F.3d at 923.

Salient evidence which supports the verdict is as follows. Villegas was apprehended only a quarter of a mile from the Rio Grande River, lying in a recently plowed, dry cotton field soon after sensors had been triggered near the river. A Border Patrol agent tracked muddy footprints in the field from two muddy duffle bags filled with marijuana directly to the site, about 30 yards away, where Villegas and his two companions had been arrested. There were no tracks in the entire area except for the wet tracks made by three individuals and the distinctive tracks made by the

Border Patrol agents. An agent who had been in a helicopter verified that there were no other human beings in the area. Two agents testified that Villegas had strap marks on his upper body, from which it could be reasonably inferred that he carried one of the duffle bags. Furthermore, Villegas's coat was wet with mud which, it could be reasonably inferred, came from the same source as wet mud found on the duffle bags.

Thus there was ample evidence that Villegas possessed the marijuana found in at least one of the duffle bags. This evidence would allow a "reasonable trier of fact [to find] that the evidence established guilt beyond a reasonable doubt." Martinez, 975 F.2d at 160-61.

Villegas contends also that the district court denied him a fair trial in complying with a request from the jury by having the court reporter read specific testimony to the jury. Villegas argues that this testimony was misleading concerning the connection of Villegas with the marijuana. The Government asserts that the agent's testimony unambiguously states that when the suspects were arrested, the agent did not see footprints, but that after he found the duffle bags, he followed the trail of prints that led to the location of the arrests.

"It is the firm rule in this Circuit that a trial judge has broad discretion in responding to the jury's request for the transcript of a particular witness' testimony and will only be

reversed upon a finding of an abuse of discretion." <u>United States v. Schmitt</u>, 748 F.2d 249, 256 (5th Cir. 1984).

The excerpts of testimony read to the jury, as well as the other relevant testimony, make the sequence of events clear. When the arrests took place, the agent did not then notice any footprints because the helicopter observer was directing the agents to the location of the three individuals, and that the agent later followed the trail of footprints from the marijuana to the "location" where they had arrested the three suspects. The excerpts were plain and unambiguous, so that they cannot have misled the jury. Reading the short excerpts did not consume an inordinate amount of time, the subject did not receive undue emphasis, and the court did not comment on the testimony. Accordingly, the district court did not abuse its broad discretion by having the court reporter read those portions of the agent's testimony to the jury. See <u>Schmitt</u>, 748 F.2d at 256.

AFFIRMED.